IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID RANDALL, | ) | CASE NO. 8:09cv73 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **AMENDED COMPLAINT** |
| VS. | ) | **AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| MIDLAND FUNDING LLC & | ) | |
| MESSERLI & KRAMER, P.A., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

COMES NOW, the Plaintiff, by and through his attorneys Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and for his Amended Complaint alleges and states that this is an action brought by an individual consumer for Defendants' violations of the FAIR DEBT COLLECTION PRACTICES ACT (Hereinafter "FDCPA" or "Act"), 15 U.S.C. §1692. In support of his amended claim, the Plaintiff states and alleges as follows:

**JURISDICTION AND PARTIES**

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claims on which the transactions took place happened in this Judicial District.

3. That Plaintiff is a resident of Omaha, Douglas County, Nebraska.

4. That Defendant Midland Funding LLC (Hereinafter "Midland") is a debt collector and limited liability company organized and existing under the laws of California and doing business of collecting debts in this state and elsewhere. Defendant Midland purchased or was assigned the credit card account which is the subject of this lawsuit.

1

5. That Defendant Messerli & Kramer, P.A. (Hereinafter "Messerli") is a debt collector and professional association organized and existing under the laws of Minnesota and doing business of collecting debts in this state and elsewhere.

## FACTUAL BACKGROUND

6. At all times relevant hereto the Defendants were attempting to collect a debt alleged to be in default by the Plaintiff for personal, family, or household purposes.

7. Plaintiff received a letter dated January 28, 2009 from the Defendants, labelled "Second Notice," the purpose of which was to attempt to collect an alleged debt from the Plaintiff alleged to be due to ChaseManhattan Bank.

The January 28, 2009 letter reads in relevant part:

As you know from our Demand Letter, we represent Midland Funding LLC. We have opened the file and notified you of your obligation to our client.

Mr. Randall, it is our client's desire to resolve this matter voluntarily and without **further legal collection activity.** Please allow us to provide you with assistance and options to resolve this matter.

It is important that you contact us at 877-577-5601 to arrange payment of the balance due.

Sincerely,


MESSERLI & Kramer P.A.

Jan F. Mino
Collection Supervisor

(Emphasis added)
The unsigned January 28, 2009, letter set forth above is attached hereto as Exhibit "A" and incorporated herein by this reference.

8. Plaintiff called Defendant Messerli to determine if this was his debt as he believes is the victim of theft of identify as to this account. Plaintiff asked for information about the account. Defendant's representative indicated it did not have to provide any information about the account and that Plaintiff "committed fraud on the account" by not paying. Plaintiff said he disputed the debt and that he was the victim of theft of identity and asked for the amount of the alleged debt and the dates, neither of which were listed in the letter. Defendant Messerli refused to provide any information. Plaintiff also made Defendants aware that Plaintiff already had an attorney as to this account and others who is also assisting him on theft of identify issues. Plaintiff told Defendant to talk to Plaintiff's attorney. Even though Plaintiff explained that he that he was the victim of theft of identity and that he disputed this account and had an attorney, Defendant's representative was rude and indicated during this conversation hat they would not speak to Plaintiff or his lawyer or make any payment arrangements and that they would accept payment in full only. Plaintiff was left with the impression from the conversation that Defendants were going to sue him soon on this account he believed he did not owe.

9. Thereafter, on or about February 6, 2009, knowing of Plaintiff's dispute and his representation by counsel, Plaintiff was sent directly a "FINAL NOTICE" letter from Defendant Messerli & Kramer, the purpose of which was again to attempt to collect on the disputed account for its client Defendant Midland Funding. Said unsigned FINAL NOTICE letter reads in pertinent part:

Dear Mr. Randall

> You have failed to make a satisfactory arrangement to resolve this obligation voluntarily. We have now given you an opportunity to resolve this matter.
>
> Your failure to respond may result in the enforcement of our client's rights and your contractual agreement in court. You can make our client's decision to commence suit over this debt unnecessary by contacting us to resolve this account.
>
> We are still willing to work with you. However, you must call our office at 877-577-5601 immediately if you want to resolve this matter voluntarily. If you do not contact us, we will assume that you are refusing to make arrangements acceptable to our client and will proceed accordingly.
>
> Sincerely,
>
> MESSERLI & KRAMER P.A.
>
> Jan F. Mino
> Collection Supervisor

> The unsigned February 6, 2009, letter set forth above is attached hereto as Exhibit "B" and incorporated herein by this reference.

10. Despite being put on actual notice of a dispute and without sending any validation, Defendants continue to attempt to collect this disputed debt.

11. Defendant Midland Funding also reported the disputed account on Plaintiff's credit report without indicating that the alleged debt was disputed.

## CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for his Cause of Action against the Defendants, states and alleges as follows:

4

12. That the Plaintiff is a natural person and is a "consumer" within the meaning of 15 U.S.C. §1692 (a)(3).

13. Defendant Messerli & Kramer is a law firm/collection agency located in Minnesota, which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. Defendant Midland Funding is a collection agency located in California, which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

15. That at all times relevant hereto the Defendants were attempting to collect an alleged debt alleged to be in default by the Plaintiff for a disputed credit card for personal, household, or family purposes.

16. That during the course of attempting to collect the alleged debt, Defendants:

a) made false or misleading statements in connection with the attempted collection of said debt in violation of 15 U.S.C. §1692e;

b) used unfair or unconscionable means to attempt to collect the disputed debt in violation of 15 U.S.C. §1692f;

c) failed to cease communications directly with the consumer when the debt collector knew the consumer is represented by a lawyer in violation of 15 U.S.C. § 1692c; and

d) failed to report the disputed debt disputed with the credit bureaus in violation of 15 U.S.C. § 1692e.

17.  That, as a direct and proximate result of these acts, Plaintiff suffered damages.

damages.

WHEREFORE, Plaintiff prays for a judgment against the Defendants for statutory damages, actual damages, and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

Dated: June 8, 2009

          David Randall,  Plaintiff,

    by: s/ William L. Reinbrecht
      Pamela A. Car, # 18770
      William L. Reinbrecht  #20138
      Car & Reinbrecht, P.C., L.L.O.
      8720 Frederick St. # 105
      Omaha, NE 68124
      (402) 391-8484 phone
      (402) 391-1103 fax
      pacwlr@earhtlink.net- e-mail
      ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in Omaha, NE.

          s/ William L. Reinbrecht

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2009,  I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

DERRICK N. WEBER
TRUMAN W. SCHABILION
MESSERLI & KRAMER, P.A.
3033 CAMPUS DRIVE, SUITE 250
PLYMOTUH,  MN  55441

and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   N/A

        By:s/William L. Reinbrecht
        Pamela A. Car #18770
        William L. Reinbrecht #20138
        Car & Reinbrecht, P.C., L.L.O.
         8720 Frederick St. #105
        Omaha, NE 68124
        (402) 391-8484 phone
        (402) 391-1103 fax
        pacwlr@earhtlink.net  e-mail
        Attorneys for Plaintiff