IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID RANDALL, | ) | |
| | ) | 8:09CV73 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MIDLAND FUNDING, LLC, and | ) | |
| MESSERLI & KRAMER, P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the defendants' joint motion to dismiss the plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3). Filing No. 8.  In the amended complaint, the plaintiff alleges that the defendants violated the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692.  Filing No. 23.  The court has considered the defendants' joint motion, the briefs in support and opposition, and the relevant materials and law.  The court finds the motion to dismiss should be denied in part and granted in part.  The court finds the defendants' motion for attorneys' fees should be denied.

**I. Background**

Midland Funding, LLC ("Midland") is a debt collector.  Midland acquired rights to the plaintiff's credit card account and attempted to collect an alleged debt from the plaintiff on that account.   Messerli & Kramer, P.A. ("Messerli") is a debt collector and law firm. Messerli represented, and acted on behalf of, Midland in attempts to recover the alleged debt.

Messerli sent a letter to the plaintiff on January 28, 2009, labeled "Second Notice." The letter states in pertinent part:

As you know from our Demand Letter, we represent Midland Funding LLC. We have opened the file and notified you of your obligation to our client.

Mr. Randall, it is our client's desire to resolve this matter voluntarily and without further legal collection activity. Please allow us to provide you with assistance and options to resolve this matter.

It is important that you contact us at XXX-XXX-XXXX to arrange payment of the balance due.

The plaintiff believed he was the victim of identity theft, so he called Messerli to determine if the debt was his. The plaintiff alleges that when he asked for information on the account, the Messerli representative indicated that Messerli did not have to provide any information about the account. The plaintiff states that he told the representative that he disputed the debt and asked for further information regarding the debt. According to the plaintiff, Messerli did not provide any information. The plaintiff alleges that he informed Messerli that he was represented by counsel and directed Messerli to contact his attorney regarding the account. The plaintiff further alleges that the Messerli representative indicated that they would only accept full payment, and would not make any payment arrangements or speak to the plaintiff or his attorney.

On February 6, 2009, Messerli sent the plaintiff a "Final Notice" letter. The letter states in pertinent part:

You have failed to make a satisfactory arrangement to resolve this obligation voluntarily. We have now given you an opportunity to resolve this matter.

Your failure to respond may result in the enforcement of our client's rights and your contractual agreement in court. You can make our client's decision to commence suit over this debt unnecessary by contacting us to resolve this account.

We are still willing to work with you.  However, you must call our office at XXX-XXX-XXXX immediately if you want to resolve this matter voluntarily. If you do not contact us, we will assume that you are refusing to make arrangements acceptable to our client and will proceed accordingly.

The plaintiff alleges that the defendants continued to attempt to collect the disputed debt.  The plaintiff alleges that Midland reported the account on the plaintiff's credit report without indicating that the plaintiff disputed the debt.

In the amended complaint, the plaintiff claims that the defendants' actions violate four sections of the Act. Filing No. 23.  The plaintiff claims the defendants failed to report the debt disputed when reporting to a credit bureau in violation of 15 U.S.C. § 1692e, failed to cease communications with the plaintiff when the defendants knew the plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692c, made false or misleading statements in violation of 15 U.S.C. § 1692e, and used unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

The defendants argue that the plaintiff's amended complaint fails to state a claim upon which relief can be granted.  Additionally, the defendants argue that the plaintiff brought this action in bad faith and for the purpose of harassment, therefore warranting an award for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

**II.  Rule 12(b)(6) Standard**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly*, 550 U.S. at 545).

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must plead "enough facts to state a claim for relief that is pl*ausible on its face." *Id.* at 547. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).

Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 129 S. Ct. at 1950 ( "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

### III.  Discussion

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' and debt collectors are liable for failure to comply with 'any provision' of the Act." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006).  The Act prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).  The Eighth Circuit interprets this section to mean that "if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely that the consumer has disputed a particular debt.*" Willhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (emphasis in original).  The plaintiff alleges that Midland reported the account on his credit report without indicating that the debt was disputed.  The plaintiff claims that he informed Messerli that he disputed the debt.  Messerli acted as counsel for Midland, and therefore the plaintiff may show that Midland should have known the debt was disputed.  The court finds the plaintiff states a claim under 15 U.S.C. § 1692e(8), since the plaintiff alleges Midland had constructive notice through counsel that the debt was disputed, and Midland reported the debt to a credit reporting service without indicating the dispute.

"A debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2).  The plaintiff claims that he

informed Messerli that an attorney represented him in relation to the account. The plaintiff alleges that after he informed Messerli of his representation, Messerli continued direct contact by mailing him a final notice letter in an attempt to recover the debt. The court finds that the plaintiff states a claim under 15 U.S.C. § 1692c(a)(2), because the pleadings allege Messerli contacted the plaintiff by mail after the plaintiff had informed Messerli that he was represented by an attorney.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In determining whether a communication is false, misleading, or deceptive under § 1692e, the Eighth Circuit views the communication "through the eyes of the unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). The plaintiff alleges that Messerli told him that it did not have to provide information about the credit card account, even though the plaintiff told Messerli that he disputed the debt. A debt collector is required, however, to provide the consumer with verification of the debt, including information regarding the original creditor, upon written notification that the consumer disputes the debt. 15 U.S.C. § 1692g(b). Moreover, the debt collector must, within five days after the initial communication, inform the consumer of the option to exercise his or her right to dispute the debt and receive such information. 15 U.S.C. § 1692g(a). The plaintiff may show Messerli's statement regarding its obligation to provide information about the account would mislead an "unsophisticated consumer" about his or her rights to obtain information. The court finds that under the "unsophisticated consumer" standard, the facts support a § 1692e claim for making a false, misleading or deceptive representation.

6

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The plaintiff alleges that the defendants used unfair or unconscionable means to attempt to collect the debt, but the plaintiff does not specify the factual basis for this claim.  The statute provides a non-exhaustive list of eight debt collection practices considered unfair or unconscionable. The plaintiff does not claim that the defendant committed any of the eight specified acts, and the facts do not show that the defendant committed any of these acts.  Therefore the plaintiff's claim must rest on the general application of the section which provides that a debt collector may not use unfair or unconscionable means. 15 U.S.C. § 1692f.  The plaintiff does not, however, allege any facts that show the defendants' debt collection practices were unfair or unconscionable.  In the amended complaint, the plaintiff fails to provide any facts showing a § 1692f violation beyond those facts alleged to violate other sections of the Act.  A claim under § 1692f is deficient when the facts fail to show any improper debt collection activity other than the misconduct that the plaintiff claims is a violation of other provisions of the FDCPA.  See *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp.2d 1206, 1217 (N.D. Ga. 2007); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 667 (S.D.N.Y. 2006); *Adams v. Law Offices of Stuckert & Yates*, 926 F.Supp 521, 528 (E.D.Pa. 1996); *Tsenes v. Trans-Cont'l Credit and Collection Corp.*, 892 F.Supp. 461, 466 (E.D.N.Y. 1995).  The court finds the plaintiff fails to state a plausible claim for relief under 15 U.S.C. § 1692f.

"On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).  The defendants claim the plaintiff brought this case in bad faith and for the purpose of

7

harassing the defendants. The defendants base this assertion on the presumption that all of the plaintiff's claims are baseless. The court finds, however, that the plaintiff states a claim for three violations of the FDCPA. The defendants do not provide additional reasoning to support a finding of bad faith or an intent to harass. Therefore, the court does not find that the case was brought both in bad faith and for the purpose of harassing the defendants. The court finds the defendants are not entitled to attorneys' fees under 15 U.S.C. § 1692k(a)(3).

THEREFORE, IT IS ORDERED:

1. Defendants' motion to dismiss, Filing No. 8, the plaintiff's amended complaint, is denied, in part, and is granted, in part. Defendants' motion is denied with respect to violations of 15 U.S.C. § 1692e, e(8), c(a)(2); however, defendants' motion is granted with respect to 15 U.S.C. § 1692f.

2. The defendants' request for attorneys' fees, Filing No. 8, is denied.

DATED this 23rd day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.